## First National Bank of Vienna, Illinois, Appellant, v. John T. Wilhelm et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Johnson county; the Hon. WIL-LIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

### Statement of the Case.

Creditor's bill by the First National Bank of Vienna, Illinois, and the Farmers' and Merchants' State Bank of Cypress, Illinois, complainants, against John T. Wilhelm and others, defendants, to set aside a deed executed by John T. Wilhelm and Mary F. Wilhelm, his wife, to Mary F. Wilhelm. From a judgment dismissing the bill for want of equity, complainant First National Bank of Vienna appeals.

COWAN & HUFFMAN and MANSFIELD & COWAN, for appellant.

O. R. MORGAN and A. E. SOMERS, for appellees.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. CREDITORS' SUIT, § 56*—*when shown that wife acquired title to property through partition of father's estate.* On a creditor's bill

---

by creditors of a husband to subject to payment of judgments against him land quitclaimed by both husband and wife, to the latter before the rendition of such judgments, evidence *held* sufficient to show that the wife acquired title to the land by inheritance from her father and through a conveyance from her brothers in a partition of her father's estate by the heirs.

2. CREDITORS' SUIT, § 56*—*when shown that quitclaim deed by husband to wife was not made to hinder, delay and defraud creditors of husband.* On a creditor's bill by creditors of a husband to subject to payment of judgments against him land quitclaimed by both husband and wife to the latter before the rendition of such judgments, evidence *held* sufficient to show that although a deed was made by heirs of the estate of the wife's father, in the course of a partition of the estate in the name of the husband, it was the intention of the parties that the fee should rest in the wife and that a subsequent quitclaim deed made by the husband and wife to the latter before the rendition of judgments against the husband was not made to hinder, delay and defraud creditors, but was made to effectuate such intention.

3. EQUITY, § 313*—*what is weight and effect of sworn answer.* Where a sworn answer is required and filed denying the material allegations of a bill, it is evidence for the defendant of such force that the complainant can have no decree against him until the same is disproved by evidence amounting to that of one witness and in addition thereto a preponderance of proofs sufficient to have sustained the bill if the oath to the answer had been waived.

4. EQUITY, § 313*—*when evidence is insufficient to overcome sworn answer.* On a creditor's bill to subject to the husband's debts, land conveyed by a husband and wife to the latter, evidence *held* insufficient to overcome the sworn answer of the defendants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.